UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES LYNCH,

                Petitioner,

                                            **Hon. Hugh B. Scott**
                                            06-CV-0027
                                            **(Consent)**

                v.

                                            **Decision**
                                            **&**
                                            **Order**

SUSAN CONNELL, (Superintendent Oneida
Correctional Facility),
                Respondent.

      Before the court is a petition for habeas corpus relief filed by James Lynch ("Lynch") pursuant to 28 U.S.C. § 2254. Lynch challenges his state court conviction on two grounds: (1) the failure to grant severance; and (2) the failure to suppress evidence.[1]

## BACKGROUND

      On February 8, 2003, Lynch sexually assaulted "LJ,"[2] a woman with whom Lynch had a previous relationship. (Respondent's Memorandum in Opposition to Habeas Petition, at 2-3).

---

[1] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. §636(c). (Docket No. 8).

[2] In light of the fact that the woman involved was the victim of a sexual attack, the victim is identified herein by her initials in the interest of privacy.

1

Between February 9, 2003, and February 25, 2003, Lynch left LJ 29 "harassing" voice messages on her cell phone and home answering machine. (Petitioner's Memorandum for Habeas Petition, at 2; see also Brief for Appellant submitted to Appellate Division, Fourth Department at pages 8-14).

On March 8, 2003, Officers Jay Denosky and Brian Ameele arrived at Lynch's home, requesting that Lynch accompany them to the police station for questioning about his relationship with LJ. Prior to agreeing to leave with the officers, Lynch asked the officers if he needed an attorney. At a Huntley[3] hearing, Officer Denosky testified that he advised Lynch that "it wasn't my decision as to whether or not he needed an attorney; and if he felt he needed one, for some reason, then he should contact one." (Brief for Appellant submitted to Appellate Division, Fourth Department at page 18). It appears undisputed that Lynch then looked up an attorneys number in the phone book, placed a call, and left a voice message. Id. Lynch then agreed to accompany the officers to the police station. Officer Denosky testified that he read Lynch his Miranda[4] rights. (Docket No. 7, Memorandum of Law at page 3). According to Officer Denosky, after being informed of his rights, Lynch waived his right to counsel and answered Officer Denosky's questions regarding LJ and the sexual assault. During that discussion, Lynch admitted to slapping LJ and to having sex with her during the time in question. (Docket No. 7, Lynch's Statement attached as Exhibit A to Declaration of Chelsea Chaffee, Esq.).[3]

---

[3] People v. Huntley, 15 N.Y.2d. 72 (1965).

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] Although not reached upon appeal, the respondent had argued that Lynch's challenge to his March 8, 2003 statements would present harmless error inasmuch as on May 24, 2003, (with counsel present and having waived immunity) Lynch testified before the Wayne County

Lynch was subsequently indicted on the following charges: rape in the first degree, sodomy in the first degree, assault in the second degree, assault in the third degree, unlawful imprisonment in the second degree and 31 counts of aggravated harassment in the second degree. Prior to trial, Lynch filed a motion seeking to sever the harassment counts from the other counts and to suppress statements he made to Officer Denosky. The trial judge denied Lynch's motion to sever the counts, and, after holding a <u>Huntley</u> Hearing, denied Lynch's motion to suppress.

On August 22, 2003, Lynch pled guilty to one count of sodomy in the first degree in satisfaction of the indictment. (Docket No. 7, Exhibit E, Appellate Division, Fourth Department, Memorandum Decision dated December 30, 2004 at page 1). On appeal, the petitioner challenged his conviction on the grounds that the trial judge denied his motion to suppress evidence and further denied Lynch's motion to sever the trial relating to the harassment counts from the other the charges. The Appellate Division, Fourth Department held:

> By pleading guilty, defendant forfeited his present contention that County Court erred in denying his motion ... to sever the aggravated harassment counts from the remaining counts. ... In any event, we conclude that defendant's contention lacks merit. The proof underlying the aggravated harassment counts was "material and admissible as evidence in chief upon a trial" with respect to the remaining counts because of its bearing on the issues of defendant's intent and whether the sexual acts were consensual ... and thus the motion was properly denied.
>
> Also contrary to the contention of defendant, the court properly denied his suppression motion. Although defendant asked the police whether he needed an attorney, that question does not constitute an unequivocal request for counsel.... In any event, the record establishes that defendant voluntarily accompanied the

---

Grand Jury and that his Grand Jury testimony "confirmed and expanded on the admissions he made in the written statement to the investigators." (Docket No. 7, Exhibit D, Respondent's Brief on Appeal to Appellate Division, Fourth Department at page 4).

>  police to the police station and waived his right to the presence of counsel.

(Docket No. 7, Exhibit E, Appellate Division, Fourth Department, Memorandum Decision dated December 30, 2004 at pages 1-2).

## DISCUSSION

**Exhaustion**

Federal courts may only grant a writ of habeas corpus upon a constitutional challenge that has first been "fairly presented" to the state courts. 28 U.S.C. § 2254(b)(1)(A); See Willette v. Fischer, 508 F.3d 117, 121 (2d Cir. 2007) (citing Picard v Connor, 404 U.S. 270, 275 (1971) ("We emphasize that the federal claim must be fairly presented to the state courts.")). A state prisoner must exhaust state remedies for every claim in a federal habeas petition to receive consideration. Rose v. Lundy, 455 U.S. 509 (1982). Exhaustion requires the prisoner to present the challenge to the state court in a manner "likely to alert the court to the claim's federal nature." See Daye v. Attorney General, 696 F.2d 186, 192 (2d Cir. 1982).

Respondent does not contest Lynch's exhaustion of state court remedies. Based on the record before the Court, it appears that the Lynch has exhausted his state court remedies and therefore review of the claims asserted in the petition is appropriate under § 2254(b)(1).

**Standard of Review**

To prevail on a federal habeas corpus claim, a petitioner must demonstrate that the state court violated petitioner's Constitutional rights under 28 U.S.C., § 2254(d). As amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), § 2254(d) permits a federal court to grant a habeas corpus petition in only two situations.  The state court's adjudication of the claim must have

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

AEDPA, § 2254(d).

State court findings of "historical facts," and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F. 2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986); See also 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct."). The habeas corpus petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. AEDPA, § 2254(e)(1).  State trial courts and state appellate courts are entitled to that same presumption. Smith v. Sullivan, 1 F. Supp. 2d 206 (W.D.N.Y 1998) (Larimer, C. J); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert denied, 490 U.S. 1059 (1989).

Petitioners can overcome the deference provided to state courts by establishing that the "decision was defective in some way."  Smith, 1 F. Supp. 2d at 12.  The Supreme Court has held that federal habeas corpus relief may only be granted in limited contexts:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

5

> Under the "unreasonable application" clause, a federal habeas court may grant a writ if the state identifies the correct governing legal principal from this Court's decisions's but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

**Failure to Sever Trials and Suppression Issues**

Lynch claims that the trial court's failure to sever his harassment charges from his sexual misconduct and assault charges violated his constitutional rights. He also claims that the Court erred in failing to suppress evidence of his statements made on March 8, 2003. Generally, a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973)(guilty plea precludes a federal habeas corpus claim that the composition of the indicting grand jury violated the fourteenth amendment); United States ex rel. Williams v. Follette, 408 F.2d 658 (2d Cir.1969) ("[W]hile a voluntary guilty plea constitutes a waiver of all non-jurisdictional defects, a conviction based on a guilty plea is open to collateral attack if the petitioner can show that the plea was not in fact voluntary."), *reversed on other grounds*, McMann v. Richardson, 397 U.S. 759 (1970); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir.1991) ( "Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). This issue was recently discussed in Salaam v. Giambruno, 559 F.Supp.2d 292 (W.D.N.Y. 2008):

> The Supreme Court has held that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional

> rights, Tollett v. Henderson, ..., including the privilege against compulsory self-incrimination, the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt, ... .When a defendant has admitted under oath, in open court, his guilt with regard to the charged offense, he may not raise constitutional violations antecedent to the entry of the guilty plea. A defendant's only recourse is to "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann ... .

Salaam, 559 F.Supp.2d at 296-297.  See also Stokes v. Powers, 2008 WL 1991081 (N.D.N.Y. 2008)(same). Miller v. Hunt, 2008 WL 170411 (N.D.N.Y. 2008)(same).

Lynch does not claim that his plea of guilty was not voluntarily, knowingly and intelligently made.  Thus, the petitioner is not entitled to habeas corpus relief as to the claims in the Petition.

In any event, assuming that the claims were not otherwise barred, habeas corpus relief would still be unwarranted.  The state courts determined that the proof underlying the harassment charges was material and admissible as to the rape, sodomy and other remaining counts inasmuch as it bore on the petitioner's intent and the consensual nature of the sexual acts which took place on February 8, 2003.  The prosecution's theory of the case was that Lynch sexually assaulted LJ, in part as punishment for lying to him about her seeing another man. (Docket No. 7, Exhibit D, Respondent's Brief on Appeal to Appellate Division, Fourth Department at page 2). Indeed, in his Memorandum of Law in support of the instant petition, Lynch admits that the fact that LJ "was lying to and deceiving petitioner, while out with another man, which was the instigating factor of the incident occurring on February 8, 2003." (Docket No. 10 at page 2). The content of

the messages left on LJ's phone, the acts underlying the harassment charges, is relevant to the prosecution's theory.   Further, although the petitioner claims in this petition that he was not advised of his Miranda rights when questioned by the police at the police station, the state court determined otherwise, finding that the petitioner "voluntarily accompanied the police to the police station and waived his right to the presence of counsel." (Docket No. 7,  Exhibit E, Appellate Division, Fourth Department, Memorandum Decision dated December 30, 2004 at pages 1-2).  "When a state court adjudicates a habeas petitioner's claim on the merits, we must afford that decision the deferential standard of review" established under AEDPA.  Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir.2006). The state court determinations as to the severance and suppression issues were neither contrary to, nor involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. Similarly, these determinations were unreasonable of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

## CONCLUSION

For the reasons stated above, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

Furthermore, inasmuch as the petitioner has not made a substantial showing of the denial of a constitutional right; or that reasonable jurists could debate whether the petition should have been resolved in a different manner; or that the issues presented are adequate to deserve encouragement to proceed further; a certificate of appealability will not issue. Love v. McCray,

413 F.3d 192 (2d. Cir. 2005); see 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this order *in forma pauperis* would not be taken in good faith. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

      So Ordered.

                                                          /s/ Hugh B. Scott
                                                          United States Magistrate Judge
                                                          Western District of New York

Buffalo, New York
March 20, 2009